**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Abidallah ABDELHADI, Defendant—
Appellant.**

No. 02–50303.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2003.

Decided May 1, 2003.

———

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and SINGLETON,* District Judge.

---

* The Honorable James K. Singleton, United States District Judge for the District of Alas-

MEMORANDUM **

Abidallah Abdelhadi appeals the district court's denial of his motion to suppress evidence obtained following a traffic stop and search of the vehicle he was driving. We affirm.

█ The initial automobile stop was proper because the officer had probable cause to believe that a traffic violation had occurred. *See Whren v. United States,* 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). The officer observed Abdelhadi tapping his brakes and following the vehicle in front of him too closely for two-tenths of a mile, in violation of California Vehicle Code section 21703. The district court's findings as to the facts and circumstances surrounding the stop are not clearly erroneous.

█ Abdelhadi contends that the officer exceeded the scope of permissible questioning during the traffic stop by asking about narcotics in the vehicle. Abdelhadi's nervousness during the stop, in combination with his statement that he was not the owner of the vehicle and did not have a registration, was sufficient to justify further questioning. *See United States v. Torres–Sanchez,* 83 F.3d 1123, 1128 (9th Cir.1996).

█ Abdelhadi also argues that the district court erred in determining that his oral consent to the search of the vehicle was voluntary. We review for clear error the district court's determination of voluntariness. *See United States v. Murillo,* 255 F.3d 1169, 1174 (9th Cir.2001), *cert. denied,* 535 U.S. 948, 122 S.Ct. 1342, 152 L.Ed.2d 245 (2002). The record supports the district court's finding. The officers did not handcuff Abdelhadi, draw their

guns, or use other coercive tactics to obtain consent. *See Torres–Sanchez,* 83 F.3d at 1130. Additionally, Abdelhadi was not under arrest at the time he consented and the officer told him that he was free to leave. *See United States v. Perez,* 37 F.3d 510, 515 (9th Cir.1994). Because the stop and search of the vehicle were valid, the district court did not err in denying Abdelhadi's motion to suppress.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.